SCHIFFER et al. v. TRUSTEES OF COLUMBIA COLLEGE IN CITY OF NEW YORK.

(Circuit Court, S. D. New York. May 7, 1898.) ·

1. LIABILITY OF STOCKHOLDER—ENFORCEMENT—PLEADING.
   In an action at law to enforce the individual liability of a stockholder in a Kansas corporation, an allegation in the answer that defendant "is not, and never was, a stockholder" in the corporation, is surplusage, as it is necessary to a recovery that plaintiff allege and prove defendant's ownership of the stock.

2. SAME—STATUTE OF LIMITATIONS—WHAT LAW GOVERNS.
   The Kansas statute of limitations does not apply to an action brought in New York to enforce the individual liability of a stockholder in a Kansas corporation.

This was an action at law by Abe Schiffer and I. W. Schiffer, partners under the name of the Bank of Alamosa, against the trustees of Columbia College in the city of New York, to enforce the individual liability of the defendants as stockholders in a Kansas corporation. The case was heard on demurrer to two paragraphs of the answer.

Keatinge, Halradt & Miller, for complainants.
John McL. Nash, for defendant.

LACOMBE, Circuit Judge. This is an action at law to enforce the individual liability of a stockholder in a corporation created under the statutes of the state of Kansas. The provisions of the constitution and the laws of that state creating such liability are set forth in full in Whitman v. Bank, 28 C. C. A. 404, 83 Fed. 288, where the court of appeals in this circuit held that the liability thus created was contractual, and could be enforced in this court against a resident of this district.

Plaintiffs demur to the eighth paragraph of the answer, which avers in defense that defendant "is not, and never was, a stockholder in the Kansas corporation." It is unnecessary to discuss the effect of such nonownership. The averment is not, in any logical sense, a defense to the claim set forth in the complaint. If it be essential to the plaintiffs' recovery to show that defendant is or was such stockholder, then, failing to aver and prove that fact, they will fail to make out any claim at all. The averment in the eighth paragraph is surplusage, and might have been stricken out on motion. To dis-

cuss the merits of the controversy upon a superfluous averment would seem to be itself superfluous.

Plaintiffs demur to the ninth paragraph of the answer, which sets up a statute of limitations of the state of Kansas touching demands against decedents' estates. The liability of the stockholder being contractual and transitory, the limitation of time within which such liability shall be enforced against a person sued thereon is a matter to be determined by the laws of the state in which the action is brought.

The demurrer to the ninth paragraph is sustained, and plaintiffs given leave to withdraw the demurrer to the eighth paragraph within five days. If not thus withdrawn, it will be overruled.